UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TARA SCHUTTER, | ) |
|     PLAINTIFF, | ) |
| v. | ) CASE NO.: 4:23-CV-93 |
| FRANCISCAN ALLIANCE, INC., | ) |
|     DEFENDANT. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Tara Schutter brings this action against Franciscan Alliance, Inc. for discrimination on the basis disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, and in support of her Complaint shows as follows:

**PARTIES**

1. Plaintiff Tara Schutter is an individual who worked for Franciscan Alliance, Inc. ("FAI").

2. At the times relevant to her legal claims, Schutter was a qualified individual with a disability.

3. At the times relevant to her legal claims, FAI regarded Schutter as an individual with a disability.

4. FAI is an Indiana corporation with its principal office at 1515 W. Dragoon Tr., Mishawaka, Indiana, 46544.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1331 inasmuch as she is raising claims which arise under federal law.

6. This Court is a proper venue for Plaintiff's claim pursuant to 28 U.S.C. §1391 inasmuch as Defendant may be found in this judicial district and a substantial portion of the events giving rise to Plaintiff's claim occurred herein.

**FACTUAL ALLEGATIONS**

7. Schutter began working for FAI in about August 2012 as a registered nurse, and beginning around August 2018 was promoted to charge nurse.

8. At the times relevant to her claims in this lawsuit, Schutter was employed as registered nurse and / or charge nurse.

9. On approximately February 14, 2022, Schutter experienced a significant medical issue which was neither minor nor transitory.

10. For a time, Schutter had a loop ileostomy in place to address a situation which substantially limited her in one or more major life activities.

11. Schutter's loop ileostomy was put in place to address a medical condition which significantly restricted one or more major bodily functions, including her digestive system.

12. Schutter applied and was qualified for several promotions for which she was not selected.

13. Schutter applied to at least the following positions for which she was qualified: Trauma Coordinator, Clinical Resource Nurse, and ER Manager.

14. FAI was motivated, at least in part, by Schutter's disability, her record of having a disability, or because it regarded her as disabled.

15. Specifically, FAI told Schutter with respect to at least one position that it "thought the position would be too stressful for her given her medical condition and history."

16. On another occasion, when Schutter was denied promotion, a supervisor told Schutter that a reason for denial was because Schutter "[had] a lot of stuff going on."

17. With respect to one or more of the positions for which Schutter applied, Schutter was objectively more qualified than the candidate ultimately selected.

### COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

18. FAI discriminated against Schutter by not promoting her to one or more positions because of her disability, her record of having a disability, or because it regarded her as disabled.

19. Were it not for her disability, record of a disability, or Defendant regarding her as disabled, FAI would have promoted Schutter to one or more positions for which she applied and was qualified.

20. In failing to promote Schutter, FAI was motivated, at least in part, by its discriminatory bias against her because of her disability, record of having a disability, or because it regarded her as disabled.

21. FAI harmed Schutter by its unlawful, discriminatory behavior toward her.

### PRAYER FOR RELIEF

For its unlawful, discriminatory behavior, Schutter demands the following relief against FAI:

a. Her lost back pay and other elements of non-wage compensation;

b. Compensatory damages;

c. Punitive damages;

d. Reinstatement to one or more of the positions to which she applied and was qualified;

e. Her attorney's fees;

f. The costs of this action;

g. Such other relief as this Court determines to be necessary and proper.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)
Ramsland Law LLC
880 Monon Green Blvd
Suite 101.51
Carmel, IN 46032
765.267.1240
jason@rams.land

Attorney for Plaintiff Tara Schutter

**Demand for Jury Trial**

Plaintiff demands trial by jury on all matters for which a jury trial is available.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)