UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TARA SCHUTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 4:23-cv-00093-TLS-JEM |
| ) | |
| FRANCISCAN ALLIANCE, INC., ) | |
| ) | |
| Defendant. ) | |

## **FRANCISCAN ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Comes now Defendant Franciscan Alliance, Inc. ("Franciscan"), by counsel, for its Answer to *Plaintiff's Complaint and Demand for Jury Trial* [ECF No. 1] ("Complaint") filed by Plaintiff Tara Schutter ("Schutter"), and states as follows:

### PARTIES

1. Plaintiff Tara Schutter is an individual who worked for Franciscan Alliance, Inc. ("FAI").

**ANSWER:** Franciscan admits the allegations in Paragraph 1 of the Complaint.

2. At all times relevant to her legal claims, Schutter was a qualified individual with a disability.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 2 of the Complaint and, therefore, denies all allegations.

3. At the times relevant to her legal claims, FAI regarded Schutter as an individual with a disability.

**ANSWER:** Franciscan denies the allegations in Paragraph 3 of the Complaint.

4. FAI is an Indiana corporation with its principal office at 1515 W. Dragoon Tr., Mishawaka, Indiana, 46544.

**ANSWER:** Franciscan admits that it is a Domestic Nonprofit Corporation, and its principal office address is 1515 W. Dragoon Tr., Mishawaka, Indiana, 46544, but denies all remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1331 inasmuch as she is raising claims which arise under federal law.

**ANSWER:** Franciscan admits the allegations is Paragraph 5 of the Complaint.

6. This Court is a proper venue for Plaintiff's claim pursuant to 28 U.S.C. §1391 inasmuch as Defendant may be found in this judicial district and a substantial portion of the events giving rise to Plaintiff's claim occurred herein.

**ANSWER:** Franciscan admits the allegations is Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7. Schutter began working for FAI in about August 2012 as a registered nurse, and beginning around August 2018 was promoted to charge nurse.

**ANSWER:** Franciscan admits that Schutter began her employment with Franciscan on September 7, 2012 as a Registered Nurse and began her most recent position as a Registered Nurse with Franciscan on April 23, 2017, but denies all remaining allegations in Paragraph 7 of the Complaint.

8. At the times relevant to her claims in this lawsuit, Schutter was employed as registered nurse and/or charge nurse.

**ANSWER:** Franciscan admits that Schutter was employed as a Registered Nurse and at times served as the Charge Nurse, but denies all remaining allegations in Paragraph 8 of the Complaint.

9. On approximately February 14, 2022, Schutter experienced a significant medical issue which was neither minor not transitory.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and, therefore, denies all allegations.

10. For a time, Schutter had a loop ileostomy in place to address a situation which substantially limited her in one or more major life activities.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint and, therefore, denies all allegations.

11. Schutter's loop ileostomy was put in place to address a medical condition which significantly restricted one or more major bodily functions, including her digestive system.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and, therefore, denies all allegations.

12. Schutter applied and was qualified for several promotions for which she was not selected.

**ANSWER:** Franciscan admits that Schutter applied for the ER Manager position, the Clinical Resource Nurse position and the Program Coordinator Trauma position, but denies all remaining allegations in Paragraph 12 of the Complaint.

13. Schutter applied to at least the following positions for which she was qualified: Trauma Coordinator, Clinical Resource Nurse, and ER Manager.

**ANSWER:** Franciscan admits that Schutter applied for the ER Manager position, the Clinical Resource Nurse position, the Program Coordinator Trauma position, but denies all remaining allegations in Paragraph 13 of the Complaint.

14. FAI was motivated, at least in part, by Schutter's disability, her record of having a disability, or because it regarded her as disabled.

**ANSWER:** Franciscan denies the allegations in Paragraph 14 of the Complaint.

15. Specifically, FAI told Schutter with respect to at least one position that it "thought the position would be too stressful for her given her medical condition and history."

**ANSWER:** Franciscan denies the allegations in Paragraph 15 of the Complaint.

16. On another occasion, when Schutter was denied promotion, a supervisor told Schutter that a reason for denial was because Schutter "[had]a lot of stuff going on."

**ANSWER:** Franciscan denies the allegations in Paragraph 16 of the Complaint.

17. With respect to one or more of the positions for which Schutter applied, Schutter was objectively more qualified than the candidate ultimately selected.

**ANSWER:** Franciscan denies the allegations in Paragraph 17 of the Complaint.

### COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

18. FAI discriminated against Schutter by not promoting her to one or more positions because of her disability, her record of having a disability, or because it regarded her as disabled.

**ANSWER:** Franciscan denies the allegations in Paragraph 18 of the Complaint.

19. Were it not for her disability, record of a disability, or Defendant regarding her as disabled, FAI would have promoted Schutter to one or more positions for which she applied and was qualified.

**ANSWER:** Franciscan denies the allegations in Paragraph 19 of the Complaint.

20. In failing to promote Schutter, FAI was motivated, at least in part, by its discriminatory bias against her because of her disability, record of having a disability, or because it regarded her as disabled.

**ANSWER:** Franciscan denies the allegations in Paragraph 20 of the Complaint.

21. FAI harmed Schutter by its unlawful, discriminatory behavior toward her.

**ANSWER:** Franciscan denies the allegations in Paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Schutter has failed to state a claim upon which relief may be granted.

2. Schutter is barred from recovery because any instances complained of by Schutter in her Complaint were not the result of discrimination. Franciscan's actions were made without regard to any alleged disability of Schutter.

3. Franciscan has legitimate non-discriminatory reasons for all actions it took with respect to Schutter's employment.

4. Even if the trier of fact were to determine that discriminatory motives or reasons played any part in any decision regarding a position Schutter applied for or actions regarding Schutter, which Franciscan denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory reasons.

5. Schutter's claims are barred under the doctrine of estoppel.

6. Schutter's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

7. Schutter has failed to reasonably mitigate her damages, thus barring, or reducing her recovery.

8. Franciscan denies all allegations of the Complaint to which no response was given.

9. Franciscan gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

WHEREFORE, Defendant Franciscan Alliance, Inc., by counsel, prays that Schutter takes nothing by way of her Complaint, that judgment be entered in favor of Franciscan Alliance, Inc. and against Schutter, for its costs, and for all other relief proper in the premises.

Respectfully submitted,

/s/ Amy J. Adolay
Amy J. Adolay, Atty. No. 23147-49
Elizabeth M. Roberson, Atty. No. 34097-64
KRIEG DeVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, Indiana 46032
Telephone: (317) 238-6330 (Adolay)
(317) 238-6342 (Roberson)
(317) 566-1110 (Main)
Facsimile: (317) 636-1507
E-Mail: aadolay@kdlegal.com
eroberson@kdlegal.com

Virginia A. Talley, Atty. No. 36171-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Telephone: (317) 238-6260 (Talley)
(317) 636-4341 (Main)
Facsimile: (317) 636-1507
E-Mail: vtalley@kdlegal.com

*Attorneys for Defendant Franciscan Alliance, Inc.*

KD_15069491_2.docx